```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
PEDRO JIMENEZ,

                Plaintiff,
                                           ORDER
        -against-                          10-CV-4397 (JS)(ARL)

POLICE OFFICER MICHAEL P. LEVINE,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:     Pedro Jimenez, Pro se
                   Nassau County Correctional Center
                   100 Carman Avenue
                   East Meadow, NY 11554

For Defendant:     No appearances
```

SEYBERT, District Judge:

Plaintiff has brought a pro se action in this Court against Freeport police officer Michael P. Levine pursuant to Section 1983 purporting to allege violation of Plaintiff's Fourth Amendment right against the use of excessive force. Accompanying the Complaint is an application to proceed in forma pauperis. For the reasons that follow, Plaintiff's request for permission to proceed in forma pauperis is GRANTED but the Complaint is DISMISSED without prejudice and Plaintiff is given leave to file an Amended Complaint in accordance with this Order.

BACKGROUND

According to the Complaint, on April 13, 2010, Plaintiff was allegedly "assaulted by a [sic] officer [Michael P. Levine] from the police department in Freeport. Nassau County police arrested me and injected me with something in the precint [sic]."

(Compl. at ¶ IV). Plaintiff claims after being injected "I briefly opened my eyes, I saw a police officer stitching a [sic] injury above the left eye that was caused by the police officer." Id. Furthermore, Plaintiff alleges that "the officers at the jail are taking my food and putting false charges against me, I'v [sic] been to (B Mu) [which is the box] and I am locked in my cell 22 hours a day for no reason." Id.

Plaintiff claims to have suffered

> ijury [sic] above the left eye and on top of the head. Blurred eye vision, sever [sic] headaches, menthal [sic] anguish, pain and suffering and constant nightmares and also deep depression and fear of my life, confusion, paranoia effects and thoughts of suicide.

(Compl. at ¶ IV.A). Plaintiff seeks "justice" as well as $10 million in unspecified damages. (Compl. at ¶ V).

## DISCUSSION

I. In Forma Pauperis

Having reviewed Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that he is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's request for permission to proceed in forma pauperis is GRANTED.

II. The Prison Litigation Reform Act

The 1996 Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma

pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(I-iii); 28 U.S.C. § 1915A(a) & (b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's pro se Complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Hughes v. Rowe, 449 U.S. 5, 9 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this stage of the proceeding, the Court assumes the truth of the allegations in the Complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

III. Section 1983

Section 1983 provides that:

[e]very person who, under color of any statute, ordinance, regulation, custom, or

> usage, of any State. . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983 (2000).

To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. County of Suffolk, 693 F. Supp.2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

When bringing a Section 1983 action against a municipality, a plaintiff is required to plead three elements: "'(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'" Zahra v. Southold, 48 F.3d 674, 685 (2d Cir. 1995) (quoting Batista v. Rodriquez, 702 F.2d 393, 397 (2d Cir. 1983)); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1977). "Local governing bodies . . . may be sued for constitutional deprivations visited pursuant to a governmental 'custom' even though such a custom has not received formal approval

through the body's official decision making channels." Monell, 436 U.S. at 690-91 (citations omitted).

A.  Fourth Amendment Excessive Force

To succeed on a Section 1983 claim predicated on excessive force in violation of the Fourth Amendment, a plaintiff must show that the amount of force used in his detention was "objectively unreasonable" under the circumstances. Lowth v. Town of Cheektowaga, 82 F.3d 563, 573 (2d Cir. 1996). "The determination of whether the force employed was reasonable requires an inquiry into the relevant facts, including 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight.'" Williams v. City of White Plains, 718 F. Supp. 2d 374, 379 (S.D.N.Y. 2010) (quoting Hemphill v. Schott, 141 F.3d 412, 417 (2d Cir. 1998)).

Here, Plaintiff alleges he has suffered myriad injuries as a result of his encounter with Officer Levine. However, Plaintiff has not sufficiently pled facts that would warrant a finding of excessive force under the Fourth Amendment. Plaintiff has not included in his Complaint the circumstances surrounding his arrest that would indicate to the Court whether the force used against Plaintiff was objectively unreasonable.

Moreover, Plaintiff does not specify whether his claim

against Officer Levine is in his official or individual capacity. Insofar as Plaintiff seeks to assert this claim against Officer Levine in his official capacity, the claim is properly asserted against the municipality, namely the Village of Freeport and requires an allegation that Officer Levine's action was taken pursuant to an official policy or custom under Monell and its progeny. Although far from clear, to the extent Plaintiff seeks to assert a claim challenging the conditions of his confinement within the Nassau County Correctional Facility, Officer Levine is not the proper Defendant should Plaintiff wish to pursue this claim.

CONCLUSION

IT IS HEREBY ORDERED that Plaintiff is granted leave to file the Complaint without prepayment of the $350.00 filing fees or security; and

IT IS FURTHER ORDERED that the Superintendent of the facility in which Plaintiff is incarcerated must forward to the Clerk of the Court a certified copy of the prisoner's trust fund account for the six months immediately preceding this Order, in accordance with Plaintiff's statement in his in forma pauperis applications annexed hereto, and

IT IS FURTHER ORDERED that the agency holding Plaintiff in custody calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for

the Eastern District of New York; and

IT IS FURTHER ORDERED that the Warden or Superintendent shall not deduct more than twenty percent from the prisoner's trust fund account and shall forward the payments to the appropriate courts sequentially if there are multiple fee-related encumbrances, rather than collect multiple fees at the same time that exceed twenty percent of the prisoner's trust found account; and

IT IS FURTHER ORDERED the Clerk of the Court is directed to mail a copy of this Order, together with Plaintiff's authorization, to the Superintendent of the facility in which Plaintiff is incarcerated and to serve notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the pro se Plaintiff at his last known address, see Fed. R. Civ. P. 5(b)(2)(C); and

IT IS FURTHER ORDERED that the Complaint is DISMISSED against Officer Michael P. Levine without prejudice; and

IT IS FURTHER ORDERED that Plaintiff may file an Amended Complaint against Nassau County. An Amended Complaint must be labeled "Amended Complaint" and must bear the docket number 10-CV-4397(JS)(ARL); and

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of

any appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

<u>/s/ JOANNA SEYBERT</u>
Joanna Seybert, U.S.D.J.

Dated: December  30 , 2010
       Central Islip, New York